### IN THE UNITED STATES FEDERAL DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION
### CIVIL DIVISION

| | |
|---|---|
| **ROGER N. SMITH, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | **Civil Action** |
| vs. } | **Case No: 2:07 CV-194-MEF** |
| } | |
| **ALABAMA DEPARTMENT OF** } | |
| **HUMAN RESOURCES, PAGE B.** } | |
| **WALLEY, TARILTON BENTON,** } | |
| **BENJAMIN JONES, ALICIA** } | |
| **SEXTON, CAROLYN BRYSON,** } | |
| **ANGELA SAMPSON, JENNIFER** } | |
| **STORY, CHILD PROTECT, INC.,** } | |
| **AGNES MCKEEN, JANA CONLEE,** } | |
| **SALLY WILLIAMSON, AND** } | |
| **FICTITIOUS DEFENDANTS A, B, C,** } | |
| **D, E, AND F,** } | |
| } | |
| **Defendants.** } | |

## ANSWER

COMES NOW Defendants Alabama Department of Human Resources, Dr. Page Walley, Ph.D., Tarilton Benton, Benjamin Jones, Alicia Sexton, Carolyn Bryson, Angela Sampson, and Jennifer Story (hereinafter referred to as DHR Defendants), by and through their undersigned counsel, and answers Plaintiff's Complaint as follows:

1. DHR Defendants are without sufficient information to admit or deny.

2. DHR Defendants are without sufficient information to admit or deny.

3. DHR Defendants admit.

4. DHR Defendants admit.

5. DHR Defendants are without sufficient information to admit or deny.

Additionally, Defendant Child Protect is represented by other counsel.

6. DHR Defendant Benton admits to that portion of the allegation regarding his age, residence, and employment. DHR Defendant Benton denies the remainder of Plaintiffs' allegation and avers that any action undertaken by him in this matter was taken in the discharge of his official duties with the Department of Human Resources.

7. DHR Defendant Sexton admits to that portion of the allegation regarding her age and employment. DHR Defendant Sexton denies the remainder of Plaintiffs' allegation and avers that any action undertaken by her in this matter was taken in the discharge of her official duties with the Department of Human Resources.

8. DHR Defendant Bryson admits to that portion of the allegation regarding her age and employment. DHR Defendant Bryson denies the remainder of Plaintiffs' allegation and avers that any action undertaken by her in this matter was taken in the discharge of her official duties with the Department of Human Resources.

9. DHR Defendant Sampson admits to that portion of the allegation regarding her age, residence, and employment. DHR Defendant Sampson denies the remainder of Plaintiffs' allegations and avers that any action undertaken by her in this matter was taken in the discharge of her official duties with the Department of Human Resources.

10. DHR Defendants are without sufficient information to admit or deny this assertion. This Defendant is represented by other counsel.

11. DHR Defendant Story admits to that portion of the allegation regarding her age, residence, and employment. DHR Defendant Story denies the remainder of Plaintiffs' allegations and avers that any action undertaken by her in this matter was taken in the discharge of her official duties with the Department of Human Resources.

12. DHR Defendant Jones admits to that portion of the allegation regarding his age, residence, and employment. DHR Defendant Jones denies the remainder of Plaintiffs' allegations and avers that any action undertaken by him in this matter was taken in the discharge of his official duties with the Department of Human Resources.

13. DHR Defendants are without sufficient information to admit or deny this assertion. This Defendant is represented by other counsel.

14. DHR Defendants are without sufficient information to admit or deny this assertion. This Defendant is represented by other counsel.

15. DHR Defendants are without sufficient information to admit or deny this assertion.

16. DHR Defendants are without sufficient information to admit or deny this assertion.

17. This matter is now before the U. S. District Court for the Middle District of Alabama, Northern Division.

18. This matter is now before the U. S. District Court for the Middle District of Alabama, Northern Division.

19. DHR Defendants admit.

20. DHR Defendants admit.

21. DHR Defendants admit.

22. DHR Defendants admit.

23. DHR Defendants deny.

24. DHR Defendants deny.

25. DHR Defendants deny.

26. DHR Defendants deny.

27. DHR Defendants deny.

28. DHR Defendants deny.

29. DHR Defendants deny, except to acknowledge that Plaintiff Sherry Smith signed an Agreement for Foster Care (also referred to as a Boarding Home Agreement).

30. DHR Defendants deny.

31. DHR Defendants deny.

32. DHR Defendants deny.

33. DHR Defendants deny.

34. DHR Defendants deny.

35. DHR Defendants deny.

36. DHR Defendants deny.

37. DHR Defendants deny.

38. DHR Defendants deny.

39. DHR Defendants deny.

40. DHR Defendants are without sufficient information to answer or deny the allegation.

41. DHR Defendants deny.

42. DHR Defendants deny.

43. DHR Defendants deny.

44. DHR Defendants deny.

45. DHR Defendants deny.

46. DHR Defendants deny.

47. DHR Defendants deny.

48. DHR Defendants deny.

49. DHR Defendants deny.

50. DHR Defendants deny.

51. DHR Defendants deny.

52. DHR Defendants deny.

53. DHR Defendants deny.

54. DHR Defendants deny.

55. DHR Defendants deny.

56. DHR Defendants deny.

57. DHR Defendants deny.

58. DHR Defendants deny.

59. DHR Defendants deny.

60. DHR Defendants deny.

61. DHR Defendants deny.

62. DHR Defendants deny.

63. DHR Defendants admit.

65. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

66. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

67. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

68. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

69. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

70. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

71. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

72. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

73. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

74. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

75. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

76. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

77. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

78. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

79. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

80. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

81. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

82. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

83. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

84. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

86. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

87. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

88. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

89. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

90. DHR Defendants deny the Plaintiffs' allegations and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1.      DHR Defendants have sovereign immunity from suit under the Eleventh Amendment to the Constitution of the United States.

2.      DHR Defendants aver qualified, good faith immunity as a defense to this action.

3.      Plaintiff's Complaint fails to state a cause of action upon which relief may be granted against DHR Defendants.

4.      Any award of damages, compensatory or punitive, against DHR Defendants would violate DHR Defendants' sovereign immunity under the Eleventh Amendment to the Constitution of the United States.

5.      DHR Defendants deny that Plaintiffs have pled or proved that they are entitled to either compensatory or punitive damages.

6.      DHR Defendants reserve the right to amend their list of defenses to include any defenses which becomes available or appears during the investigation of this case, discovery procedures or otherwise.

RESPECTFULLY SUBMITTED this 17th day of April 2007.

**TROY KING, KIN047**
**ATTORNEY GENERAL**

SHARON E. FICQUETTE, FIC001
ASSISTANT ATTORNEY
GENERAL


/s/ *Michael C. Joiner*_____
MICHAEL C. JOINER - JOI003
Assistant Attorney General

State of Alabama
Department of Human Resources
P.O. Box 304000
Montgomery, Alabama  36130-4000
Phone:  (334) 242-9330
Fax:  (334) 242-0689

ATTORNEY FOR DHR
DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing **ANSWER** upon the following by electronic filing and by placing a copy of the same, addressed to them as indicated below, in U.S. Mail, first class postage prepaid, on this the 17th day of April 2007.

Judy H. Barganier, Esq.
7025 Halcyon Park Drive
Montgomery, AL  36117

Timothy C. Halstrom, Esq.
4162 Carmichael Court
Montgomery, AL  36106

James B. Brannan, Esq.
P. O. Box 307
Montgomery, AL  36101-0307

William A. Scott, Jr., Esq.
Scott, Sullivan, Streetman & Fox
2450 Valleydale Road
Birmingham, AL  35244

/s/_Michael C. Joiner_____
MICHAEL C. JOINER JOI003
Assistant Attorney General
Ala. Dept. of Human Resources
P. O. Box 304000
Montgomery, AL  36130-4000
Ph: (334) 242-9330
Fax: (334) 242-0689

ATTORNEY FOR DHR
DEFENDANTS