IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROGER N. SMITH AND<br>SHERRY SMITH | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No: 2:07-CV-194-MEF |
| VS. | )<br>) |
| DEPARTMENT OF HUMAN<br>RESOURCES of the STATE of<br>ALABAMA, et al. | )<br>)<br>)<br>) |
| Defendants. | ) |

**MOTION FOR LEAVE TO FILE IN EXCESS
OF TWENTY-FIVE (25) INTERROGATORIES**

**COME NOW** Defendants Child Protect, Jana Conlee, Agnes McKeen and Sally Williamson (hereinafter sometimes referred to as "Defendants" and hereby moves this Court for an Order allowing Defendants to file in excess of 25 Interrogatories in the above referenced case. As grounds therefore, Defendants state as follows:

1. This lawsuit relates to events surrounding the Plaintiffs' daughter's allegations that the Plaintiff sexually molested her. Plaintiffs allege that one or more of the Defendants coerced Plaintiffs' children into making false statements that the Plaintiff sexually molested his children.

2. Plaintiffs' complaint contains eleven counts; at least nine counts relate to Child Protect, Jana Conlee, Agnes McKeen and Sally Williamson. Plaintiffs' allege that:

    a. Defendants were negligent in failing to apply American Professional Society on the Abuse of Children (APSAC) standards in their investigation, counseling and treatment of the Plaintiffs' children,

    b. Defendants engaged in intentional and malicious conduct in failing to discharge their duties pursuant to regulations promulgated by the Alabama Department of Human Resources and the APSAC.

    c. Defendants breached their professional responsibilities,

    d. Defendants intentionally and maliciously created false memories,

    e. Defendants in conjunction with other named defendants conspired to create false memories,

    f. Defendant Child Protect negligently trained and supervised its employees,

    g. Defendant Williamson slandered and libeled the Plaintiffs and,

    h. Defendant Williamson defamed the Plaintiffs' character,

3. In addition to Interrogatories previously propounded by the Defendants, Defendants desire propound additional interrogatories to the Plaintiffs addressing each of the Plaintiffs' above-mentioned claims. Those Interrogatories, which are attached hereto as Exhibit "A," consists of * numbered questions. Some of the questions have sub-parts.

4. Rule 33(a), Fed. R. Civ. P., states that leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2). Rule 26(b)(2)

states that the Court may alter the rules of discovery regarding the number or interrogatories.

5. Twenty-five Interrogatories are inadequate to secure the information needed to fully complete discovery and prepare for trial on a timely basis. Given the nature and gravity of the Plaintiff's claims, Defendants need to specifically address each of the Plaintiffs' claims against each of the Defendants in written discovery.

6. The information requested will assist Defendants to specifically identify those areas which are issues of contention and will allow future discovery, including but not limited to depositions, to be more economical and less time consuming for all parties.

7. Defendants will suffer great prejudice if this Court does not allow Defendants to file the attached Interrogatories.

8. The attached Interrogatories are not burdensome and are all relevant to the issues raised in the Plaintiff's Complaint.

WHEREFORE PREMISES CONSIDERED, Defendants request this Court to grant leave to propound the attached Interrogatories, and also permission to propound reasonable follow-up Interrogatories if deemed necessary at a later time subject to this Court's review.

Respectfully submitted,

This the 21st, day of January, 2008

/s/ William A. Scott, Jr.
William A. Scott, Jr. (ASB-1539-O73W)
Attorney for Child Protect, Jana Conlee, Agnes McKeen and Sally Williamson
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Rd.
Birmingham, AL 35244
(205) 967-9675
(205) 967-7563 (fax)
wscott@sssandf.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 21st day of January, 2008, served a copy of the foregoing upon counsel for all parties via electronic filing or by placing same in the United States Mail, properly addressed and first-class postage prepaid, to:

Timothy C. Halstrom
4170 Lomac St.
Montgomery, AL 36101

Judy H. Barganier
Law Offices of Judy Barganier, PC
7025 Halcyon Park Dr.
Montgomery, AL 36117

J. Barnard Brannan, Jr.
The Brannan Law Firm PC
602 S. Hull St.
Montgomery, AL 36104

Michael C. Joiner
Ala. Dept. Of Human Resources
P.O. Box 304000
Montgomery, AL 36130-4000

/s/ William A. Scott, Jr.
OF COUNSEL

### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **ROGER N. SMITH AND** ) | |
| **SHERRY SMITH** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No: 2:07-CV-194-MEF** |
| **VS.** ) | |
| ) | |
| **DEPARTMENT OF HUMAN** ) | |
| **RESOURCES of the STATE of** ) | |
| **ALABAMA, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFFS

   **COME NOW** the Defendants Child Protect, Inc., Jannah Bailey, Jana Conlee, Agnes McKeen and Sally Williamson, by and through their undersigned attorney-of-record and, pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following Interrogatories to the Plaintiffs, Roger N. and Sherry Smith with notice that they are to be answered, separately and severally, in writing, under oath, within the time provided by law:

1. In your response to Defendants' Requests for Admission #1 you state that "Defendants coerced Aurora Smith into making false allegations which Defendants construed as allegations of abuse". Regarding that response:
   a. Identify each and every person, document and/or thing that can support the response,
   b. State each and every act on the part of Defendants Child Protect, Inc., Jannah Bailey, Jana Conlee, and Agnes McKeen which supports your response.
   c. State each and every act on the part of Defendant Sally Williamson which supports your response.
   d. State each and every false allegation to which you refer and when each such false allegation was communicated.

2. In your response to Defendants' Requests for Admission #2 you state that "Defendants coerced Whitney Smith into making false allegations which Defendants construed as allegations of abuse". Regarding that response:

    a.    Identify each and every person, document and/or thing that can support the response,

    b.    State each and every act on the part of Defendants Child Protect, Inc., Jannah Bailey, Jana Conlee, and Agnes McKeen which supports your response.

    c.    State each and every act on the part of Defendant Sally Williamson which supports your response.

    d.    State each and every false allegation to which you refer and when each such false allegation was communicated.

3. In your response to Defendants' Requests for Admission #6, you denied that Defendants Child Protect, Inc., Jannah Bailey, Jana Conlee, Agnes McKeen and Sally Williamson made no written publication of the information obtained in any forensic interviews conducted on either Aurora or Whitney Smith, with regard to this response:

    a.    Identify each and every person, document and/or thing that can support the response,

    b.    If you contend that Defendants Child Protect, Inc., Jannah Bailey, Jana Conlee, Agnes McKeen published information obtained in any forensic interviews conducted on either Aurora or Whitney Smith state exactly what information was published, when the information was published, the medium through which the information was published and the name of the Defendant effecting each such publication.

    c.    If you contend that Defendant Sally Williamson published information obtained in any forensic interviews conducted on either Aurora or Whitney Smith state exactly what information was published, when the information was published, the medium through which the information was published and the name of the Defendant effecting each such publication.

4. In your response to Defendants' Requests for Admission #7, you denied that Defendants Child Protect, Inc., Jannah Bailey, Jana Conlee, Agnes McKeen and/or Sally Williamson made no oral publication of the information obtained in forensic interviews conducted on either Aurora or Whitney Smith, with regard to this response:

    a.    Identify each and every person, document and/or thing that can support the response,

    b.    If you contend that Defendants Child Protect, Inc., Jannah Bailey, Jana Conlee, Agnes McKeen and/or Sally Williamson orally published information obtained in any forensic interviews conducted on either Aurora or Whitney Smith state exactly what information was published, when the information was published, the medium through which the information was published, the names of each and every person present at the time of each such oral publication and the name of the Defendant making each such oral publication.

    c.    If you contend that Defendant Sally Williamson orally published information obtained in any forensic interviews conducted on either Aurora or Whitney Smith state exactly what information was published, when the information was

        published, the medium through which the information was published, the names of each and every person present at the time of each such oral publication and the name of the Defendant making each such oral publication.

5. In your response to Defendants' Requests for Admission #10, you denied that you did not receive professional services from Child Protect, Inc., Jannah Bailey, Jana Conlee, Agnes McKeen and Sally Williamson, with regard to this response:
   a. Identify each and every person, document and/or thing that can support the response,
   b. State the name of the Defendant(s) from whom you received professional services, the date(s) on which you received such professional services and state, with specificity, the professional services you received.

6. In paragraph #36 of your Complaint you allege that Sally Williamson "began therapy with Whitney and Aurora, which therapy failed to follow standard procedure for providing therapy to alleged victims of sexual abuse. Regarding that allegation state:
   a. With specificity, Sally Williamson's acts of omission and/or commission that deviated from the standard procedure for providing therapy to alleged victims of sexual abuse.
   b. Each and every statute, rule, regulation and guideline constituting the "standard procedure" you refer to in paragraph #36 of your Complaint.

7. In paragraph #37 of your Complaint you allege that Sally Williamson was "bias[ed] in her treatment". Regarding this allegation state:
   a. Each and every act of omission and commission by Sally Williamson supporting this allegation,
   b. Each and every document and thing that can support this allegation and
   c. Each and every person who can support this allegation.

8. In paragraph #39(d) of you Complaint you allege that Sally Williamson viewed Aurora's confusion as to whom to believe as a "barrier to overcome" in accomplishing her goal of continuing Aurora in foster care. Regarding this contention state:
   a. Each and every act of omission and commission by Sally Williamson supporting this allegation,
   b. Each and every document and thing that can support this allegation and
   c. Each and every person who can support this allegation.

9. In paragraph #43 of your Complaint you allege that "Defendants Benton, Bryson, Story, Jones, Sexton, Sampson, Williamson conspired amongst themselves and with others to deprive Plaintiffs of their right to raise their children according to the dictates of their own conscience." Regarding this contention, state:
   a. The names of the "others" to which you refer and the others' acts and omissions evidencing a conspiracy,

      b.      With specificity, the acts of omission and commission on Sally Williamson's part evidencing a conspiracy,

10. In paragraph #43(f) of your Complaint you allege that "Defendants intentionally ignored Plaintiffs' requests that [LDS standards of behavior for youth] be adhered to by allowing contradictory standards to be applied." Regarding this contention, state:
    a. With specificity, the acts of omission and commission on the part of Child Protect, Jana Conlee, Agnes McKeen that can support this contention,
    b. With specificity, the acts of omission and commission on the part of Sally Williamson that can support this contention,
    c. Each and every document and thing that can support this allegation and
    d. Each and every person who can support this allegation.

11. In paragraph #43(g) of your Complaint you allege that "Defendants systematically indoctrinated the children to the extent where Plaintiffs' right to raise their children according to their own faith was essentially abrogated". Regarding this contention, state:
    a. Each and every person, document and thing that can support this allegation
    b. State each and every act on the part of Defendants Child Protect, Inc., Jannah Bailey, Jana Conlee, and Agnes McKeen which supports your response.
    c. State each and every act on the part of Defendant Sally Williamson which supports your response.

12. In paragraph #55 of you Complaint you allege that "interview tactics and procedures used during this and other interviews with Whitney and Aurora are contrary to the established procedures set forth by the APSAC. Regarding this contention state:
    a. Each and every person, document and thing that can support this allegation,
    b. State each and every act on the part of Defendants Child Protect, Inc., Jannah Bailey, Jana Conlee, and Agnes McKeen which supports your response.
    c. State each and every act on the part of Defendant Sally Williamson which supports your response.
    d. Each and every statute, rule, regulation and/or guideline that Defendants failed to follow.

                              Respectfully submitted,

                              This the__, day of January, 2008.

                              William A. Scott, Jr. (ASB-1539-O73W)
                              Attorney for Child Protect, Jana Conlee, Agnes McKeen and Sally Williamson
                              Scott, Sullivan, Streetman & Fox, P.C.

2450 Valleydale Rd.
Birmingham, AL 35244
P-(205) 967-9675; F-(205) 967-7563
wscott@sssandf.com

**CERTIFICATE OF SERVICE**

    I hereby certify that I have this __ day of <u>January</u> , 2008, served a copy of the foregoing upon counsel for all parties via electronic filing or by placing same in the United States Mail, properly addressed and first-class postage prepaid, to:

| | | |
|---|---|---|
| Timothy C. Halstrom<br>4170 Lomac St.<br>Montgomery, AL 36101 | Judy H. Barganier<br>Law Offices of Judy<br>Barganier, PC<br>7025 Halcyon Park Dr.<br>Montgomery, AL 36117 | J. Barnard Brannan, Jr.<br>The Brannan Law Firm PC<br>602 S. Hull St.<br>Montgomery, AL 36104 |

Michael C. Joiner
Ala. Dept. Of Human
Resources
P.O. Box 304000
Montgomery, AL 36130-4000

                                                                        _____
                                                                          OF COUNSEL