**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **ROGER N. SMITH**, et al.,  ) | |
|     Plaintiffs,  ) | |
| v.  ) | Case No. **2:07-CV-194-MEF-WC** |
| ) | |
| **CHILD PROTECT, INC.**, et al.  ) | |
|     Defendants.  ) | |

## MOTION FOR PROTECTIVE ORDER

COMES NOW the City of Montgomery and respectfully moves this Court for permission to join the pending *Joint Motion for Protective Order* (Doc. 40) and to stay the City's obligation to produce subpoenaed records until a ruling has been entered thereon. As grounds the City of Montgomery states:

1. Counsel for Defendants Child Protect, Agnes McKeen, Jana Conlee, and Sally Williamson served a subpoena duces tecum on the Montgomery Police Department, on or about December 7, 2007. A copy of the Subpoena is attached hereto as *Exhibit A*. The subpoena commanded production of the following within 10 days: "Your complete file(s) concerning any and all investigations involving Roger Smith, D/O/B ▓▓▓▓▓▓, SS# ▓▓▓▓▓▓▓▓▓" *Exhibit A*.

2. The responsive records in the City's possession contain information regarding minor children which is deemed confidential and protected under Alabama law.

3. Code of Alabama § 12-15-101 (1975) requires "all law enforcement agencies to take special precautions to insure that law enforcement records and files concerning a child will be maintained in a manner and under such safeguards that will protect against disclosure to any unauthorized person." The parties requesting these

documents do not fall into any category of persons enumerated as authorized to receive these records.

    4.    Code of Alabama § 12-21-3.1 (1975) governs subpoenas of law enforcement officers and investigative reports. In pertinent part, it says:

> (a) Neither law enforcement investigative reports nor the testimony of a law enforcement officer may be subject to a civil or administrative subpoena except as provided in subsection (c).
> (b) Law enforcement investigative reports and related investigative material are not public records. Law enforcement investigative reports, records, field notes, witness statements, and other investigative writings or recordings are privileged communications protected from disclosure.
> (c) Under no circumstance may a party to a civil or administrative proceeding discover material which is not authorized discoverable by a defendant in a criminal matter. Noncriminal parties may upon proper motion and order from a court of record: Secure photographs, documents and tangible evidence for examination and copying only by order of a court imposing such conditions and qualifications as may be necessary to protect a chain of custody of evidence; or protect the prosecutors', law enforcement officers', or investigators' work product; or to prevent the loss or destruction of documents, objects, or evidence. Such discovery order may be issued by a court of record upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources.

    5.    Accordingly, the City of Montgomery moves this Court for permission to join the *Joint Motion for Protective Order* (Doc. 40) now pending before this Court. In the alternative, the City of Montgomery requests a protective order as set forth below.

WHERFORE, premises considered, the City of Montgomery requests:

(a) Permission to join the pending *Joint Motion for Protective Order*, and that the City's obligation to produce be stayed until that motion has been ruled upon; or

(b) In the alternative, the City respectfully moves for its own protective order that: (1) the Court review the requested documents *in camera* and in the Court's discretion redact all unnecessary information relating to the identity of any minor child; (2) the requested documents remain under seal to protect the identity of the minor child; and (3) the requested documents be destroyed upon the disposition of the matter, and (4) that the party requesting said documents pay the City for production.

Respectfully submitted this the 1st day of February 2008.

/s/ Allison H. Highley
Allison H. Highley (HIG024)
Assistant City Attorney

OF COUNSEL:
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, AL  36101-1111
(334) 241-2050 Telephone

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2008, the foregoing was served upon the following by placing the same in U.S. Mail, first-class postage prepaid, addressed to:

Michael C. Joiner
Assistant Attorney General
Alabama Department of Human Resources
Post Office Box 304000
Montgomery, AL 36130-4000

William A. Scott, Jr.
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, AL 35244

Timothy C. Halstrom
Attorney at Law
4170 Lomac Street
Montgomery, AL 36106

Judy H. Barganier
Law Offices of Judy H. Barganier, P.C.
7025 Halcyon Park Drive
Montgomery, AL 36117

James B. Brannan
The Brannan Law Firm, PC
602 S. Hull Street
Montgomery, AL 36104

/s/ Allison H. Highley
Of Counsel

# Exhibit A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Middle DISTRICT OF Alabama, Northern Division

Roger N. Smith and Sherry Smith

V.

Child Protect, Inc., et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:07-CV-194-MEF

RECEIVED DEC 7 2007

TO: Custodian of Records
Montgomery Police Department
320 N. Ripley St.;
Montgomery, AL 36104

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

see exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 12/3/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William A. Scott, Jr.; attorney for the Defendants, Child Protect, Agnes McKeen, Jana Conlee, Sally Williamson
2450 Valleydale Rd.; Birmingham, AL 35244

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## EXHIBIT "A"

**TO:**   Custodian of Records
Montgomery Police Department
320 N. Ripley St
Montgomery, AL 36104

You are hereby commanded, at the instance of the Defendant within ten (10) days after service of this subpoena, to produce and permit said party to inspect and to copy:

**Your complete file(s) concerning any and all investigations involving Roger Smith, D/O/B 6/29/1948, SS# 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.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.