IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROGER N. SMITH AND SHERRY SMITH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> VS. ) <br> ) <br> DEPARTMENT OF HUMAN RESOURCES of the STATE of ALABAMA, et al., ) <br> ) <br> Defendants. ) | Case No: 2:07-CV-194-MEF |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
FOR LEAVE TO FILE IN EXCESS OF
TWENTY-FIVE (25) INTERROGATORIES**

COME NOW Plaintiffs and for response to the Defendants Motion for Leave to File in Excess of Twenty-five (25) Interrogatories (Doc 33) state as follows:

1. Fed. R. of Civ. P. Rule 33 Advisory Committee Notes (1993) state: "the purpose of this revision is to reduce the frequency and increase the efficiency of interrogatory practice." (Emphasis supplied.) The notes further provide that the limitation on the number of interrogatories was found advisable due to "experience with local rules" and "because Rule 26(a)(1)-(3) requires disclosure of much of the information previously obtained by this form of discovery."

2. Plaintiffs draw the Court's attention to the fact that Plaintiffs are the only parties hereto who have complied with Rule 26(a)(1)-(3)'s requirement for initial disclosure. Plaintiffs' initial objection to the Court's granting Defendants' present motion is grounded on the fact that

Defendants are not in full compliance with their own initial disclosure obligations and should not now be permitted to expand upon the rules of discovery for their own benefit.

3. Plaintiffs further object to Defendants' present motion on the ground that the proposed interrogatories are not related to Defendants' contention that additional interrogatories are necessary to address the multitude of claims set forth in the Complaint against Defendants. (See paragraph 3 of Defendants' motion.) Rather, the proposed interrogatories are simply follow-up questions to answers to requests for admission and interrogatories previously propounded by Defendants. Such follow-up interrogatories are a prime example of the very object of the stated purpose for limiting the number of interrogatories in the first place, to wit: "to reduce [their] frequency."

4. In paragraph 5 of their motion, Defendants contend "twenty-five Interrogatories are inadequate to secure the information needed to fully complete discovery and prepare for trial on a timely basis." Again, Plaintiffs observe that the additional interrogatories are not designed to seek new information but, rather, to narrow the scope and focus of Defendants' previously propounded interrogatories.

5. In paragraph 6 of their motion, Defendants represent the proposed interrogatories will assist in identifying "areas which are issues of contention." Defendants interrogatories are not directed to Defendants' stated purpose but, again, are merely follow-up interrogatories.

6. Plaintiffs contend Defendants' real purpose is revealed in their prayer for relief wherein they not only ask leave to propound the interrogatories attached to their motion, but also seek the Court's permission "to propound reasonable <u>follow-up Interrogatories</u>" in the future. (Emphasis supplied.) Thus, Defendants are essentially asking the Court for permission to follow-up on their follow-up interrogatories. Such is not only inadequate grounds upon which to seek

this Court's leave to vary from well established rules for discovery but is directly in opposition to the stated purpose of Rule 33's limitation on the number of interrogatories afforded a party.

7.    Defendants have failed to demonstrate any prejudice which they contend they will suffer absent the Court's granting their Motion.

Wherefore the above matters considered, Plaintiffs object to Defendants' <u>Motion for Leave to File in Excess of Twenty-five (25) Interrogatories</u> and pray the Court deny their motion.

Respectfully submitted this day, February 7, 2008.

/s/Timothy C. Halstrom
Timothy C. Halstrom
Attorney for Plaintiffs
Bar Number HAL021

Of Counsel:
Timothy C. Halstrom
Bar # HAL021
Attorney At Law
4170 Lomac Street
Montgomery, Alabama 36106
(334)272-6464
(334)244-7474 - fax
halstromtim@aol.com  - email

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 7, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification tot he parties.:


      /s/Timothy C. Halstrom
      Timothy C. Halstrom
      Bar Number HAL021