**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ROGER N. SMITH AND**  )<br>**SHERRY SMITH,**  )<br> )<br>    **Plaintiffs,**  )<br> )<br>**VS.**  )<br> )<br>**DEPARTMENT OF HUMAN**  )<br>**RESOURCES of the STATE of**  )<br>**ALABAMA, et al.,**  )<br> )<br>    **Defendants.**  ) | **Case No: 2:07-CV-194-MEF** |

<u>**MOTION TO COMPEL DISCOVERY**</u>

COME NOW Plaintiffs and for cause move the court for an order compelling Defendants

Department of Human Resources, Page B. Walley, Tarilton Benton, Carolyn Bryson, Benjamin

Jones, Alicia Sexton, Angela Sampson, Jennifer Story (hereinafter collectively referred to as

DHR Defendants) and Child Protect, Inc., Jannah Bailey, Agnes Mckeen, Sally Williamson, and

Jana Conlee (hereinafter collectively referred to as CPI Defendants) to respond to the following

requests for discovery and further move the court to award Plaintiffs Rule 37(a)(4) expenses and

sanctions as appropriate:

    **From Defendant DHR and its Defendant employees**:

a)  Answers to Interrogatories propounded on July 23, 2007;
b) All documents requested in Plaintiff's Notice of Deposition to wit: the
complete personnel file and any other records kept for the following individuals:
Benjamin Jones, Alicia Sexton, Carolyn Bryson, Angela Sampson, Jennifer Story,
and Sally Williamson;
c) The formal response to Request for Production of Documents propounded on
July 23, 2007. While DHR has produced a box of documents, it has not submitted
a reply setting forth its response to each individual request as required by Rule

34(b), FRCP;

d)  DHR failed to produce any documents with respect to Request for Production of Documents #14 which specifically requested DHR to "produce any Policy/Procedure Manuals or similar documents, Training Manuals or similar documents, Letter of Instruction (LOI), Departmental Regulations, or other documents relating to policies and procedures with respect to matters which form the basis of this action;"

e)  DHR failed to produce any documents with respect to Request #15 which specifically requested DHR "produce [Pursuant to Fed. R. Civ. P. 26(a)(1)(D)] any and all insurance agreements which may show an obligation to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;"

f) Rule 26 Initial Disclosures; and

g) To appear for depositions scheduled for March 17, 18, and 19.

**From Defendant CPI, its Defendant Employees and Defendant Sally Williamson**:

a) All documents requested in Plaintiff's Notice of Deposition to wit: the complete personnel file and any other records kept for the following individuals: Jannah Bailey, Sally Williamson, Agnes McKeen, and Jana Conlee.

b) Supplemental responses to Plaintiff's First Interrogatories and First Request for Production of Documents submitted to Defendants on July 23, 2007, and

c)  Rule 26 Initial Disclosures (this being the 4th reminder).

In support of this motion, Plaintiffs show the Court as follows:

1.    Pursuant to Rule 37(a)(2)(A), a certification of good faith is attached hereto as

**Exhibit A**.

2.    On July 23, 2007, Plaintiffs served upon all defendants Interrogatories and Request

for Production of Documents pursuant to Rules 33 & 34, FRCP. The interrogatories sought the

same basic, essential information from each Defendant to facilitate further investigation and

discovery in this case. A copy of the interrogatories themselves (without the introductory

verbiage) is attached hereto as **Exhibit B**.

3.    After several phone conversations with counsel for DHR Defendants during

which Defendants' responses to Plaintiffs' Interrogatories were discussed to no avail, Counsel for

Plaintiffs sent a letter dated December 12, 2007 to all counsel of record in which Counsel for

DHR Defendants was once again reminded of the Interrogatories. A copy of said letter is attached hereto as **Exhibit C**.

4.      Due to the failure of DHR Defendants to respond to Discovery counsel for all parties agreed to meet to discuss a new discovery schedule. This meeting was held on January 16, 2008 at which time all counsel agreed on a time frame for the production of documents, answers to interrogatories, submission of Rule 26 initial discovery, and dates for depositions. The parties also agreed to submit a Joint Motion for Protective Order resolving most of the objections raised to certain discovery requests and a Joint Motion to Continue. The parties also agreed that Defendants would submit responses to Plaintiffs July 23, 2007 discovery requests to Plaintiffs on January 29th.

5.      The parties filed the aforementioned Joint Motions which the Court granted.

6.      The parties agreed to a series of dates on which to conduct initial depositions of the individual parties and, in accordance with that agreement, Plaintiffs served a Notice of Deposition on February 7, 2008 setting depositions for February 21& 22; March 4, 6, 17, 18, & 19; and April 21, 22, 23, 24, & 25,  a copy of the Notice is attached hereto as **Exhibit D**.

6.       Counsel for DHR Defendants did not submit Defendants' responses to discovery on January 29th as agreed. On February 4, 2008, Counsel for Plaintiffs sent a letter (copy attached as **Exhibit E**) to Counsel for all Defendants acknowledging the delay in DHR's responding to discovery may have been excusable due to the Protective Order not having been entered prior to that date. On or about February 11, 2008, Counsel for DHR Defendants submitted an incomplete response to Plaintiffs' Request for Production of Documents. DHR produced documents responsive to Plaintiffs' request, however, it failed to file a formal response setting forth its response to each individual request as required by Rule 34(b), FRCP. Furthermore, DHR

Defendants failed to submit any Answers to Interrogatories.

7.     On February 12, 2008, the undersigned counsel received a phone call from Counsel for CPI Defendants stating lead counsel for CPI had a scheduling conflict and asked that the February 21 & 22 depositions be cancelled. In response, Plaintiffs sent a letter to all Defendants' counsel cancelling said dates and reaffirming the remaining deposition dates. A copy of said letter is attached as **Exhibit F**.

8.     On February 26, 2008, the undersigned received an email message (copy attached as **Exhibit G**) from Counsel for DHR Defendants asking Plaintiffs, among other things, to submit the order in which they intended to depose witnesses. By letter dated February 26, 2008, Counsel responded to Counsel for DHR Defendant's email and reminding all counsel that Rule 26(a)(1) disclosures remained past due. A copy of said letter is attached as **Exhibit H**.

9.     On March 3, 2008, Counsel for DHR Defendants contacted the undersigned and advised he was going into the hospital and would not be available for depositions on March 4th and 6th. A copy of said letter is attached hereto as **Exhibit I**.

10.     On March 3, 2008, the undersigned sent a "personal and confidential" letter to Lead Counsel for CPI Defendants in relevant part reminding him that CPI Defendants' Rule 26 initial disclosures had yet to be submitted.

11.     Also on March 3, 2008, the undersigned sent a letter to all defense counsel cancelling the depositions set for March 4th and 6th, and setting forth a list of all discovery which remained past due for each Defendant. A copy of said letter is attached hereto as **Exhibit J**.

12.     On March 8th, the undersigned received a letter from Ms. Sharon Ficquette, Chief Counsel for DHR, acknowledging receipt of Exhibit J and advising that Counsel for DHR Defendants, Mr. Michael Joiner, was not available to respond and, therefore, DHR Defendants

would not be providing the documents as soon as requested.

13.    On March 10th, the undersigned called Ms. Ficquette and discussed Mr. Joiner's absence and was informed that this case was being transferred to Mr. James Long. Ms. Ficquette assured counsel the discovery would be forthcoming and that the depositions would go forward as scheduled.

14.    On March 12, 2008, DHR Defendants replacement counsel, Mr. James Long, sent a letter by facsimile to all counsel advising of his appearance and cancelling the depositions of his clients for March 17, 18, & 19. A copy of said letter is attached as **Exhibit K**.

15.    On March 12, 2008, the undersigned sent a letter by email to all Defense Counsel advising them that Mr. Long's reasons for cancelling his clients' depositions was not acceptable and further advising that counsel for Plaintiffs would appear as scheduled to conduct the depositions as noticed. A copy of said letter is attached hereto as **Exhibit L**.

Wherefore the above matters considered, Plaintiffs pray this court enter an order compelling counsel for Defendants to respond to Plaintiffs' discovery requests as follows:

**From Defendant DHR and its Defendant employees**:

> a)  Answers to Interrogatories propounded on July 23, 2007;
> b) All documents requested in Plaintiff's Notice of Deposition dated February 7, 2008, to wit: the complete personnel file and any other records kept for the following individuals: Benjamin Jones, Alicia Sexton, Carolyn Bryson, Angela Sampson, Jennifer Story, and Sally Williamson;
> c) The formal response to Request for Production of Documents propounded on July 23, 2007 setting forth its response to each individual request as required by Rule 34(b), FRCP;
> d) Produce any documents with respect to Request for Production of Documents #14 which specifically requested DHR to "produce any Policy/Procedure Manuals or similar documents, Training Manuals or similar documents, Letter of Instruction (LOI), Departmental Regulations, or other documents relating to policies and procedures with respect to matters which form the basis of this action;"
> e)  Produce any documents with respect to Request #15 which specifically

requested DHR  "produce [Pursuant to Fed. R. Civ. P. 26(a)(1)(D)] any and all insurance agreements which may show an obligation to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;"
f) Rule 26 Initial Disclosures; and
g) To appear for depositions scheduled for March 17, 18, and 19.

**From Defendant CPI, its Defendant Employees and Defendant Sally Williamson**:

a) All documents requested in Plaintiff's Notice of Deposition to wit: the complete personnel file and any other records kept for the following individuals: Jannah Bailey, Sally Williamson, Agnes McKeen, and Jana Conlee.
b) Supplemental responses to Plaintiff's First Interrogatories and First Request for Production of Documents submitted to Defendants on July 23, 2007, and
c)  Rule 26 Initial Disclosures (this being the 4th reminder).

Further, Plaintiffs pray this court enter an order, pursuant to Rule 37(a)(4), directing

Defendants to pay Plaintiffs the reasonable expenses incurred in making the motion including

attorney fees.

Respectfully submitted this day, March 13, 2008.


/s/Timothy C. Halstrom
Timothy C. Halstrom
Attorney for Plaintiffs
Bar Number HAL021


Of Counsel:
Timothy C. Halstrom
Bar # HAL021
Attorney At Law
4170 Lomac Street
Montgomery, Alabama 36106
(334)272-6464
(334)244-7474 - fax
halstromtim@aol.com  - email

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 13, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification tot he parties.:


/s/Timothy C. Halstrom
Timothy C. Halstrom
Bar Number HAL021

## <u>CERTIFICATE OF GOOD FAITH</u>

I certify that I, have in good faith conferred with all counsel for Defendants in an effort to

secure the disclosure of discovery without court action.

Respectfully submitted this day, March 13, 2008.

/s/Timothy C. Halstrom
Timothy C. Halstrom
Attorney for Plaintiffs
Bar Number HAL021

Of Counsel:
Timothy C. Halstrom
Bar # HAL021
Attorney At Law
4170 Lomac Street
Montgomery, Alabama 36106
(334)272-6464
(334)244-7474 - fax
halstromtim@aol.com  - email

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROGER N. SMITH ET AL. | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 2:07-CV-194-MEF |
| | * | |
| ALABAMA DEPARTMENT OF | * | |
| HUMAN RESOURCES ET AL. | * | |
| Defendants. | * | |

<u>PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS:</u>
DEPARTMENT OF HUMAN RESOURCES
of the STATE of ALABAMA,
PAGE B. WALLEY,
TARILTON BENTON,
CHILD PROTECT, INC., a corporation,
BENJAMIN JONES,
ALICIA SEXTON,
CAROLYN BRYSON,
ANGELA SAMPSON,
JENNIFER STORY,
SALLY WILLIAMSON,
AGNES MCKEEN, and
JANA CONLEE

Come now Plaintiffs and pursuant to Rule 33, Federal Rules of Civil Procedure, hereby

requests Defendants answer the following interrogatories in writing and under oath within thirty

(30) days from the receipt thereof. Each named Defendant should answer these interrogatories

individually and separately as if addressed solely to them and sign their answers as required by

Fed. R. Civ. P. 33(b)(2). Pursuant to Fed. R. Civ. P. 26(e), these Interrogatories are continuing in

1

nature and require supplemental responses if additional information regarding them is obtained

by the Defendant. If any Interrogatory cannot be responded to in full, it should be answered to the

fullest extent possible and the reasons(s) should be set forth why it could not be answered in full.

If in response to any Interrogatory, Plaintiff asserts a claim of privilege, please give a full

explanation of your reasons for asserting the privilege, and then comply with the response to the

extent that the privilege or other reason does not apply to said particular response or part thereof,

as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.


## DEFINITIONS

Plaintiffs set forth the following definitions of various words and phrases which are

contained in the attached request for discovery. Plaintiffs provide the following definitions for

the purpose of clarifying the meaning of various words and phrases contained herein in order to

help the plaintiff understand the objectives of these discovery efforts and to locate and furnish the

relevant information and material. It is, therefore, expressly stipulated and agreed by Plaintiffs

that an affirmative response on the part of the Defendant will not be construed as an admission

that any definition contained herein is either factually correct or legally binding on Defendant.

1.      The term "you" or "yours" applies to the Defendant, Defendant's attorney and/or

agents.

2.      "Document" means the original or any copy of any written, recorded, transcribed,

printed or impressed matter of whatever kind, however produced or reproduced, including but

not limited to sound or pictorial recordings, computerized information, books, pamphlets, letter,

memoranda, telegrams, electronic or mechanical  transmissions, communications of all kinds,

reports, operating statements, working papers, handwritings charts, papers, writings, printings,

2

transcriptions, tapes and recordings of all kinds.

3.      "Identify" when used with respect to a **document** means to describe the document in sufficient particularity to withstand valid objections to such description appearing in a subpoena dues tecum or request or motion for production of such a document, including, but not limited to, the type of document (i.e., "letter", date authority and address; and to state the name, address, and business relationship (if any) to each party to this action, of each and every person who has such document in his or her possession, custody, or control and the location of such document in his or her possession, custody, or control and the location of such document.

4.      "Identify" when used with respect to an **individual** means to state the person's full name, address, and telephone number present occupation and business affiliation, business address, and business phone number.

5.      "Identify" when used with respect to a business entity or division of government means to state that entity or division's name, address of its principle place of business, and the inclusive dates of your relationship with that entity or division.

## INTERROGATORIES

1.      Identify (see Definition paragraph number 4) the person who is answering these interrogatories.

2.      Identify (see Definition paragraph number 4) each and every relative, by blood or marriage, you have who lives within the boundaries of the Federal District Court of the Middle District of Alabama (Northern Division)[1] and state your familial relationship with each.

---

[1]  The boundaries include the following counties: Autauga, Barbour, Bullock, Butler, Chilton, Coosa, Covington, Crenshaw, Elmore, Lowndes, Montgomery, and Pike.

3

3.    Have you ever been arrested for a criminal act other than a traffic violation? If so, state the year in which you were arrested and the name of the county and state wherein you were arrested.

4.    Identify (see Definition paragraph number 5) each employer with whom you were employed during the period of time from January 1, 2005 to January 30, 2007. If self-employed, please so state.

5.    State the title of each position you held with respect to your response to interrogatory number 4.

6.    Identify (see Definition number 4) each of your immediate supervisor(s) with respect to your response to interrogatory number 4.

7.    State whether or not you were insured or bonded as an employee of the entities or divisions identified in your response to interrogatory number 4. If so, please provide the information required to be produced pursuant to Fed. R. Civ. P. 26(a)(1)(D).

8.    State whether or not you have ever been involuntarily terminated from any employment or position of responsibility (including but not limited to being reassigned from a case). If so, for each such instance identify (see Definition paragraph number 5) the employer imposing such action and your understanding of the reason for such action.

9.    State your educational training beginning with high school and chronologically concluding with the completion of your last training. Include in your response:

    a.   the name of the institution from which you received educational training,
    b.   the inclusive years within which you received the training, and
    c.   the specific substance of the training received.

10.    State whether or not you have ever been the victim of physical or sexual abuse. If so, state the following:

4

      a.   Your legal relationship with the perpetrator of the abuse,
      b.   The nature of the abuse (sexual or physical), and
      c.   Whether or not the abuse was reported to legal authorities.

11.     List any publications for which you have received credit of authorship or co-authorship.

12.     State whether or not you are a member of any social, political, professional or religious club or organization. If so, state the name of each such organization.

13.     State whether or not you subscribe to any professional periodic publications. If so, state the name or the publication and the date you began your subscription.

14.     State with specificity the training you received for the position of employment you occupied on January 1, 2005. Include in your response:

      a.  identify (see Definition number 4) the person who administered the training,
      b.  the topic of the training,
      c.  the sponsor of the training,
      d.  the inclusive dates of the training,
      e.  the substance of the training, and
      f.  if you are in possession of the materials presented, attach a copy to your answers.

15.     State whether or not you have received any formal concurrent or continuing training during the past four years (January 1, 2003 to January 1, 2007) in your present career field. If so, state:

      a.  the topic of the training,
      b.  the sponsor of the training,
      c.  the inclusive dates of the training,
      d.  the substance of the training, and
      e.  if you are in possession of the materials presented, attach a copy to your answers.

16.     Identify each person, other than a party to this action, with whom you have communicated with respect to any of the matters alleged in Plaintiffs' Complaint or Amendments

thereto. In addition to the information described in Definition number 4, state:

  a.  the substance of your communications with each person so identified,
  b.  the number of times you communicated with each person so identified,
  c.  the mode of communication,
  d.  the approximate date of the communication, and
  e.  if you have any documents evidencing such communication, attach them to
      your response.

Examples of individuals you may have communicated with include:

  a.  Whitney and Aurora's teachers, counselors, school administrators, and friends;
  b.  your own co-workers, family members, neighbors, friends, consultants, legal
      advisers;
  c.  members of the Roger Smith family and their friends or associates;
  d.  foster care family members of Whitney and Aurora.


17.    Identify each and every person who you may call to testify at the trial of this case.

18.    State whether you are aware that your answers to the foregoing interrogatories are

to be made under oath and signed by you.

Respectfully submitted this day, July 23, 2007.


_____
Timothy C. Halstrom
Attorney for Plaintiff


Of Counsel:
Timothy C. Halstrom
Bar # HAL021
Attorney At Law
4170 Lomac Street
Montgomery, Alabama 36106
(334)272-6464
(334)244-7474 - fax
halstromtim@aol.com  - email

**CERTIFICATE OF SERVICE**

       I hereby certify that I have served a true copy of the foregoing <u>Plaintiff's First Interrogatories</u> upon the following person(s), properly addressed, by placing same in the U.S. Mail, postage prepaid, on this day July 23, 2007.


Mr. Michael C. Joiner, Esq.
Alabama Department of
Human Resources
P.O. Box 304000
Montgomery, AL 36130-4000
michael.joiner@dhr.alabama.gov

William A. Scott, Jr., Esq.
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, AL 35244
scott@sssandf.com



                                            _____
                                            Timothy C. Halstrom

# TIMOTHY C. HALSTROM
## ATTORNEY AT LAW
4170 LOMAC STREET
MONTGOMERY, ALABAMA 36106

Phone   (334)272-6464                                                         Fax   (334)244-7474
        (334)272-9524                                                         E-mail: halstromtim@aol.com

December 12, 2007

To Counsel of Record

Re: *Smith et al.  v.  Dept. Of Human Resources et al.; 2:07-cv-00194*

Counsel,

I've attached a Notice of Deposition for all Defendants in the Smith v. DHR case to be conducted the weeks commencing January 14th and January 28th. I don't anticipate needing all ten days and, therefore, request your input as to the best 5-6 days conducive to your schedule. I had intended to reserve the main conference room at the State Bar Headquarters but learned the building is undergoing renovation and rooms will not be available until sometime in March. I expect we will require room for at least 20. I've spoken with Michael Joyner about using DHR's main conference room. If anyone has any other suggestions for the Montgomery area, please let me know.

I am still awaiting responses from DHR to discovery initially requested six months ago. Also, I would like to address the apparent need for an Order of Protection with respect to objections and anticipated objections to certain discovery requested. The court is loath to having to deal with discovery matters that can just as easily be resolved by the parties. I am willing to stipulate to the "ususal" terms employed by the court when requesting confidential records. If any defense counsel would rather have a hearing on objections offered in response to discovery, I will certainly file for one.

I would appreciate your response with respect to the issues raised at your earliest opportunity and until then remain, with best regards,

Very truly yours,

Timothy C. Halstrom

TCH/ht

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **ROGER N. SMITH ET AL.** | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION NO. 2:07-CV-194-MEF** |
| | * | |
| **ALABAMA DEPARTMENT OF** | * | |
| **HUMAN RESOURCES ET AL.** | * | |
| **Defendants.** | * | |

## NOTICE OF TAKING DEPOSITION

To:     Mr. Michael C. Joiner, Esq.
        Alabama Department of
        Human Resources
        P.O. Box 304000
        Montgomery, AL 36130-4000
        michael.joiner@dhr.alabama.gov

        Mr. William A. Scott, Jr., Esq.
        Mr. Jansen Voss, Esq.
        Scott, Sullivan, Streetman & Fox, P.C.
        2450 Valleydale Road
        Birmingham, AL 35244
        scott@sssandf.com

You are hereby notified that, pursuant to Rule 30(a)(1) and (b)(6), FRCP, Plaintiff(s) will

to take the depositions of the following parties:

Department of Human Resources of the State of Alabama (DHR), Corporate representative,
Child Protect, Inc., a Corporation (CPI), Corporate representative,
Page B. Walley,
Tarilton Benton,
Benjamin Jones,
Alicia Sexton,
Carolyn Bryson,
Angela Sampson,
Jennifer Story,
Sally Williamson,
Agnes Mckeen, and
Jana Conlee

upon oral examination before a notary public or other official authorized to administer oaths commencing at 10:00AM on Thursday, February 21, 2008 at the offices of the Department of Human Resources, 3030 Mobile Highway, Montgomery, Alabama 36108. These depositions shall continue from day to day as follows: February 22, 2008; March 4, 6, 17, 18, 19, 2008; and April 21 through April 25, 2008. All parties have participated in a conference call during which this schedule of depositions was established and, therefore, waive the requirement of a written notice as set forth in Rule 30(a)(2)(A).

**With respect to Defendant Department of Human Resources (DHR)**, Plaintiffs submit the matters on which examination is requested include (but are not necessarily limited to) all issues raised in the pleadings; all matters relating to statutes relating to the DHR including Code of Alabama (1975) §§ 26-14-1 et. seq. and regulations promulgated by DHR; policies and procedures of the Department with respect to keeping and maintaining records, training employees, assignment of cases, procurement of outside resources used to assist in case management; relationship with Child Protect, Inc.; and the disbursement of funds with respect to individual cases.

Pursuant to FRCP, Rule 30 (b)(5), **DHR is to produce** at the taking of its deposition the complete **personnel file and any other records** kept for the following individuals: Benjamin Jones, Alicia Sexton, Carolyn Bryson, Angela Sampson, Jennifer Story, and Sally Williamson.

**With respect to Defendant Child Protect, Inc. (CPI)**, Plaintiffs submit the matters on which examination is requested include (but are not necessarily limited to) all issues raised in the pleadings; all matters relating to procedures and policies of CPI with respect to keeping and maintaining records, hiring and terminating employees, training employees, assignment of cases to workers, relationship with state, county and municipal agencies, and case management.

Pursuant to FRCP, Rule 30 (b)(5), **CPI is to produce** at the taking of its deposition the complete **personnel file and other records** kept for the following individuals: Jannah Bailey, Sally Williamson, Agnes Mckeen, and Jana Conlee.

You are invited to attend and cross examine.

Respectfully submitted on February 7, 2008.

_____
Timothy C. Halstrom
Attorney for Plaintiffs

Of Counsel:
Timothy C. Halstrom
Attorney at Law
Bar# HAL021
4170 Lomac Street
Montgomery, Alabama 36106
(334)272-6464
(334)244-7474 (fax)
halstromtim@aol.com

# TIMOTHY C. HALSTROM
## ATTORNEY AT LAW
#### 4170 LOMAC STREET
#### MONTGOMERY, ALABAMA 36106

Phone  (334)272-6464                                                                                    Fax  (334)244-7474
       (334)272-9524                                                                      Email: halstromtim@aol.com

February 4, 2008

Mr. Jansen Voss
Attorney at Law
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, AL 35244
voss@sssandf.com

Mr. Michael C. Joiner
Attorney at Law
Alabama Department of Human Resources
P.O. Box 304000
Montgomery, AL 36130-4000
michael.joiner@dhr.alabama.gov

      RE:    *Smith et al.  v.  Dept. Of Human Resources et al.; 2:07-cv-00194*

Gentlemen:
      The court has granted the parties' joint motion for protective order. I'm sure that is what has delayed your responses to discovery on Friday January 29th as agreed during our meeting of January 16th, which delay for that reason is understandable. The protective order now being in place, responses as agreed should follow without further delay. I have previously submitted to each of you my supplemental answers to CPI's discovery.
      Mike, please let me know the actual copying cost so I can reimburse you for our copies of the discovery as requested upon delivery. I am enclosing a copy of our original request for production of documents for your convenience. I further request you submit your complete file concerning DHR's investigation involving Amber Smith which commenced in 1992 . If you require a separate formal request, please notify me to that effect at your earliest opportunity. Also, I have yet to receive your response to Interrogatories served upon you on July 23, 2007, a copy of which is enclosed. Your prompt response is anticipated.
      Jansen, please submit supplemental responses to interrogatories and requests for production of documents in keeping with the intent of our January 16th meeting.
      Finally, we agreed to take depositions on February 13th, 14th, 15th, 19th, 21st, & 22nd.  While we have ample time under the Court's new scheduling order, I don't believe anyone wants to delay things more than necessary. I'd suggest we hold a conference call at 8:00AM Thursday to discuss a new deposition schedule. Let me know if this time meets with your approval.

With best personal regards I remain,

Very truly yours,

Timothy C. Halstrom

TCH/ht
Encl: 2

# TIMOTHY C. HALSTROM
## ATTORNEY AT LAW
#### 4170 LOMAC STREET
#### MONTGOMERY, ALABAMA 36106

Phone    (334)272-6464                                                          Fax   (334)244-7474
         (334)272-9524                                                          E-mail: halstromtim@aol.com

February 12, 2008

Mr. Jansen Voss
Attorney at Law
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, AL 35244
voss@sssandf.com

Mr. Michael C. Joiner
Attorney at Law
Alabama Department of Human Resources
P.O. Box 304000
Montgomery, AL 36130-4000
michael.joiner@dhr.alabama.gov


RE:    *Smith et al.  v.  Dept. Of Human Resources et al.; 2:07-cv-00194*


Gentlemen:

During a conversation with Jansen Friday, it appears Buddy Scott is not available for depositions on February 21st & 22nd.  Therefore, by this letter, I am canceling the depositions for those dates. I have asked Jansen to submit a list of open dates remaining in March and upon receipt will notice dates to replace those just cancelled. The cancellation of depositions applies only to the dates of February 21st & 22nd while the remaining dates set forth for deposition remain firm. Jansen, I await a list of dates in March at your earliest opportunity.

With best personal regards I remain,


Very truly yours,


Timothy C. Halstrom


TCH/ht

Tim, This is a somewhat belated follow-up to the Notice Of Taking Depositions of the D...    Page 1 of 1

Subj:     **Clarification of Discovery**
Date:     2/26/2008 6:02:11 P.M. Central Standard Time
From:     Michael.Joiner@dhr.alabama.gov
To:       Halstromtim@aol.com, scott@sssandf.com, voss@sssandf.com

Tim,  To the best of my information, knowledge, and belief, we have training room available for our use. The only date in question is March 21st. I'll confirm the status of the room and let you know.

Although you have given me a list of the individuals that you wish to depose, can you give me some idea when you want to began taking of their depositions, whom do you wish to depose first, second, third, etc., an how long you anticipate each individual's deposition taking. Are the individuals listed in your notice also listed in the order in which you intend to call them?

Additionally, would you please clarify what you mean by "corporate representative." Would you also please clarify what you are referring to when you state " all matters relating to statutes relating to the DHR including Code of Alabama (1975) section 26 – 14 – one et seq., and regulations promulgated by DHR; policies and procedures of the department with respect to keeping and maintaining records, training employees, assignment of cases, procurement of outside resources used to assist in case management; relationship with Child Protect, Inc.; and the disbursement of funds with respect to individual cases." Further, please identify what discoverable evidence you think can be identified by the production of the personnel file and "any other records" pertaining to the DHR defendants. Would you also please identify what you mean by "any other records."

The Department would like to depose Doctor Renfro, Ms Matson -- Shoemaker, and Doctor Penny White. Would you please furnish me with some dates on which you and/or your co-counsel will be available for the purpose of taking the deposition of these individuals.

Finally, the Department wishes to take the depositions of Mr. And Mrs. Smith. Please advise me of the dates on which they will be available for this purpose.

*Michael C. Joiner*
Assistant Attorney General
Ala. Dept. of Human Resources
50 Ripley St., Ste. 2122
Montgomery, AL  36104
Ph: (334) 242-9330

*"This electronic message contains information that may be legally confidential and/or privileged. If you are not the intended recipient, any disclosure, copying, distribution, or use of this information is prohibited and may be unlawful. If you have received this electronic message in error, please reply immediately to the sender that you have received the message in error, and delete it.*

# TIMOTHY C. HALSTROM
## ATTORNEY AT LAW
#### 4170 LOMAC STREET
#### MONTGOMERY, ALABAMA 36106

Phone   (334)272-6464
         (334)272-9524

Fax   (334)244-7474
E-mail: halstromtim@aol.com

February 26, 2008

Mr. William A. Scott, Jr.
Mr. Jansen Voss
Attorneys at Law
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, AL 35244
scott@sssandf.com
voss@sssandf.com

Mr. Michael C. Joiner
Attorney at Law
Alabama Department of Human Resources
P.O. Box 304000
Montgomery, AL 36130-4000
michael.joiner@dhr.alabama.gov

  RE: *Smith et al.  v. Dept. Of Human Resources et al.; 2:07-cv-00194*

Counsel:
  This is to remind everyone that in accordance with the Notice of Taking Deposition dated February 7, 2008, depositions are scheduled for March 4, 5, 17, 18 and 19 as well as April 21, 22, 23, 24, and 25. They are scheduled to commence at the offices of DHR, 3030 Mobile Highway, Montgomery, Alabama 36108. Mike, please respond to this email that a conference room has been reserved for these dates.
  Buddy and Jansen, we canceled the earlier depositions at your request, however, you were to provide additional dates in March for rescheduling purposes. Please attend to this lingering issue as soon as possible.
  The order of witnesses is as follows:
Carolyn Bryson
Sally Williamson
Alicia Sexton
Angela Sampson
Jennifer Story
Ben Jones
Tarilton Benton
Page Walley

DHR Designated Representative
Agnes McKeen
Jana Conlee
CPI Designated Representative

Finally, Rule 26(a)(1) disclosure from all defendants remains seriously past due and is expected promptly. With best personal regards I remain,

Very truly yours,


Timothy C. Halstrom

TCH/ht

cc:    Bernie Brannan
       Judy Barganier

# State of Alabama
# Department of Human Resources

S. Gordon Persons Building
50 Ripley Street
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-1310
www.dhr.state.al.us

**BOB RILEY**
*Governor*

Page B. Walley, Ph.D.
*Commissioner*

March 3, 2008

Timothy C. Halstrom, Esq.
4170 Lomac Street
Montgomery, AL  36106

Re:  Roger & Sherry Smith vs. Ala. DHR, et al.

Dear Mr. Halstrom: *Tim*

The depositions scheduled for March 4th and 6th will need to be delayed. I deeply regret having to delay these depositions, however, I have developed a medical condition that will require me to go into a hospital for tests and evaluation. I will be unable to attend the depositions, and at this late date it is not possible to prepare another attorney to stand-in for me.

Again, I deeply regret having to delay the depositions scheduled for this week. I hope to be back and up to speed for the next round of depositions beginning March 17th.

Sincerely,

MICHAEL C. JOINER
Assistant Attorney General

cc:    William A. Scott, Jr., Esq.
       Jansen Voss, Esq.
       Judy H. Barganier, Esq.
       James B. Brannon, Esq.

An Affirmative Action /Equal Opportunity Employer

# TIMOTHY C. HALSTROM
## ATTORNEY AT LAW
#### 4170 LOMAC STREET
#### MONTGOMERY, ALABAMA 36106

Phone    (334)272-6464
         (334)272-9524

Fax   (334)244-7474
E-mail: halstromtim@aol.com

March 3, 2008

William A. Scott, Jr., Esq.
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, AL 35244
scott@sssandf.com

Mr. Jansen Voss
Attorney at Law
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, AL 35244
voss@sssandf.com

Mr. Michael C. Joiner
Attorney at Law
Alabama Department of
Human Resources
P.O. Box 304000
Montgomery, AL 36130-4000
michael.joiner@dhr.alabama.gov

        RE:    *Smith et al.  v.  Dept. Of Human Resources et al.; 2:07-cv-00194*

Dear Counsel,

        I am in receipt of a letter from Mike Joiner informing me that he is scheduled to go into a hospital for tests and evaluation of a medical condition he has recently developed. This will necessitate the cancellation, yet again, of depositions scheduled for March 4th and 6th, however, it does not preclude the immediate production of documents I requested in my Notice of Deposition. I expect the documents to be produced as originally scheduled had the depositions proceeded as noticed. To be clear, the following discovery is due to be submitted to Plaintiffs forthwith:

        1) **From Defendant DHR and its Defendant employees**:

                a)  Answers to Interrogatories propounded on July 23, 2007;

                b) All documents requested in Plaintiff's Notice of Deposition to wit: the complete personnel file and any other records kept for the following individuals: Benjamin Jones, Alicia Sexton, Carolyn Bryson, Angela Sampson, Jennifer Story, and Sally Williamson;

c) The formal response to Request for Production of Documents propounded on July 23, 2007. While DHR has produced a box of documents, it has not submitted a reply setting forth its response to each individual request as required by Rule 34(b), FRCP;

d)  DHR failed to produce any documents with respect to Request for Production of Documents #14 which specifically requested DHR to "produce any Policy/Procedure Manuals or similar documents, Training Manuals or similar documents, Letter of Instruction (LOI), Departmental Regulations, or other documents relating to policies and procedures with respect to matters which form the basis of this action;"

e)  DHR failed to produce any documents with respect to Request #15 which specifically requested DHR  "produce [Pursuant to Fed. R. Civ. P. 26(a)(1)(D)] any and all insurance agreements which may show an obligation to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;" and

f) Rule 26 Initial Disclosures (this being the 4th reminder).

2) **From Defendant CPI, its Defendant Employees and Defendant Sally Williamson**:

a) All documents requested in Plaintiff's Notice of Deposition to wit: the complete personnel file and any other records kept for the following individuals: Jannah Bailey, Sally Williamson, Agnes McKeen, and Jana Conlee.

b) Supplemental responses to Plaintiff's First Interrogatories and First Request for Production of Documents submitted to Defendants on July 23, 2007, and

c)  Rule 26 Initial Disclosures (this being the 4th reminder).

While I sympathize with issues raised by counsel as grounds for cancelling depositions, the unavailability of counsel will not excuse the failure to submit discovery as set forth herein. If I have not received all discovery due before close of business Thursday, March 6, 2008, I will feel free to take whatever action I deem appropriate to remedy the recurring delays in the discovery process. Depositions now set for March 17, 18, 19, 2008 and April 21 through April 25, 2008 will take place as set forth in the Notice of Deposition and in the order as set forth in my letter to counsel dated February 26, 2008.

With best personal regards I remain,

Very truly yours,

Timothy C. Halstrom

TCH/ht

# State of Alabama

# Department of Human Resources

S. Gordon Persons Building
50 Ripley Street
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-1310
www.dhr.state.al.us

**BOB RILEY**
*Governor*

Page B. Walley, Ph.D.
*Commissioner*

March 12, 2008

Judy H. Barganier, Esq.
7025 Halcyon Park Drive
Montgomery, AL 36117

Timothy C. Halstrom, Esq.
4170 Lomac Street
Montgomery, AL 36106

James B. Brannan, Esq.
P. O. Box 307
Montgomery, AL 36101-0307

William A. Scott, Jr., Esq.
Scott, Sullivan, Streetman & Fox
2450 Valleydale Road
Birmingham, AL 35244

RE:    *Smith v. DHR et al.*
      *Case Reassignment*

Dear Counsels:

DHR attorney Michael Joiner, Counsel for all the DHR Defendants in this case, has a long term illness, and will be unable to continue to represent Defendants in this case. The case has been reassigned to me. Due to Michael's illness, responses to your discovery requests have fallen behind without the knowledge of DHR Legal Office management. DHR Defendants had previously been advised by Mike that the depositions scheduled for next week had already been postponed with agreement of all counsel. I now know that is incorrect.

The Depositions of the DHR Defendants will not be held next week. The Montgomery County DHR Board Room will be available for the deposition of Sally Williamson on Monday March 17, 2008, at 10:00 a.m. DHR Defendants will be available for depositions at the same location on the previously set alternative week of April 21, 2008. You can also expect to receive DHR responses to the pending discovery requests before that date.

We are sorry that Mike's illness has caused delays in this case. Had the problem been known, we would have addressed them earlier. The case has now been reassigned and you can expect that we will be able soon to respond to your discovery requests.

Thank you for your patience and understanding. I will see you at the deposition next week. Tell the security guard that you are present for a deposition being held in the Board Room.

Sincerely,

James E. Long
Deputy Attorney General
Phone: (334) 242-9330
Fax: (334) 242-0689
James.long@dhr.alabama.gov

# TIMOTHY C. HALSTROM
## ATTORNEY AT LAW
#### 4170 LOMAC STREET
#### MONTGOMERY, ALABAMA 36106

Phone    (334)272-6464                                                    Fax   (334)244-7474
        (334)272-9524                                              E-mail: halstromtim@aol.com

March 12, 2008

William A. Scott, Jr., Esq.
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, AL 35244
scott@sssandf.com

Mr. Jansen Voss
Attorney at Law
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, AL 35244
voss@sssandf.com

Mr. James Long
Attorney at Law
Alabama Department of
Human Resources
P.O. Box 304000
Montgomery, AL 36130-4000
james.long@dhr.alabama.gov

Ms. Sharon Ficquetter
Attorney at Law
Alabama Department of
Human Resources
P.O. Box 304000
Montgomery, AL 36130-4000
sharon.ficquette@dhr.alabama.gov
(334)242-9330

     RE:    *Depositions set for March 17, 18, & 19*

Counsel:

     I am in receipt of a letter from Attorney James Long, counsel for all DHR Defendants, effectively cancelling the depositions I've scheduled for DHR Defendants. This is to advise all counsel that I **do not** accept Mr. Long's justification for canceling depositions that have been calendared for over a month. I was assured by Mr. Joiner prior to his hospitalization and by Attorney Sharon Ficquette during a phone conversation this past Monday that the depositions

would go on as scheduled. Lawyers representing Plaintiffs will appear as scheduled and intend to take depositions in the order previously noticed in my letter to counsel of February 26th.

Very truly yours,


Timothy C. Halstrom


TCH/ht

cc:    Judy Barganier
       Bernie Brannan