IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROGER N. SMITH, et al. ) | |
|     Plaintiffs, ) | |
| ) | Case No: 2:07-CV-194-MEF |
| VS. ) | |
| ) | |
| DEPARTMENT OF HUMAN ) | |
| RESOURCES of the STATE of ) | |
| ALABAMA, et al., ) | |
|     Defendants. ) | |

**REPLY TO DHR DEFENDANTS' RESPONSE
TO ORDER TO SHOW CAUSE**

COME NOW Plaintiffs and for reply to Defendants' <u>Response to Motion to Compel Discovery by Defendants DHR, Walley, Benton, Bryson, Jones, Sexton, Sampson, and Story</u> show as follows:

1. This case has been pending before this Court since March 5, 2007.

2. Initial discovery was submitted to Defendants in the form of interrogatories and requests for production of documents on July 23, 2007.

3. The basis of Plaintiffs' claim evolves from a Juvenile Court action filed by Defendant DHR in the Circuit Court of Montgomery County, Alabama in January 2005 whereby Plaintiffs' children were taken from their home and placed under the legal care of DHR.

4. Defendant DHR referred the matter to the District Attorney for Montgomery County for prosecution of Plaintiff Roger Smith on charges of sexual abuse; which charges were later dismissed.

5. Defendant DHR's response states DHR's failure to complete discovery as required

was "unbeknown to DHR Legal Office management." (See DHR's response, paragraph 1.) The facts surrounding the case presently before this Court have been in the office of DHR's attorneys for over three (3) years. It is a case involving courts of three separate jurisdictions. It is simply inconceivable that this case has not be staffed regularly by the office of General Counsel for Defendant DHR. Furthermore, Plaintiffs' Co-counsel, Judy Barganier (who represented Plaintiffs in both the juvenile court and criminal prosecution), served all pleadings, correspondence and other documents pertaining to the juvenile case upon Attorneys Mike Joiner and Felicia Brooks, both staff counsel for Defendant DHR. Also, senior counsel for DHR, Sharon Ficquette, has appeared as counsel of record in the present case and has been served copies of all documents filed through the court's e-file system.

6.   Counsel for DHR Defendants states, "I contacted my clients and determined that due to Mr. Joiner's inability to give them his full attention it would not be in their best interest to proceed with the depositions." (See response, paragraph 2.) However, in his letter to all counsel dated March 12, 2008, Mr. Long stated, "DHR Defendants had previously been advised by Mike [Joiner] that the depositions scheduled for next week had already been postponed with agreement of all counsel. I now know that is incorrect." (See Exhibit K of Plaintiffs' Motion to Compel.)

7.   In their response to this Court's Order, DHR Defendants have stated they "intend to have all outstanding discovery requests **by the end of the week** of April 21, 2008." (See, DHR Defendants' Response, paragraph 3; Emphasis supplied.) By agreement of the parties, dates are now set for the taking of DHR Defendants depositions on April 21, 22, 23, 24, and 25, 2008. While DHR Defendants have now produced over 2200 documents in response to Plaintiffs' Request for Production of Documents, none of the DHR Defendants have served Plaintiffs with their answers to interrogatories. Furthermore, Defendant DHR has not produced each of the

named DHR Defendants personnel records as requested. The missing discovery is necessary for Counsel for Plaintiffs to prepare for the depositions to commence April 21, 2008. None of the outstanding requests are complicated in any way and should be easily answered and produced. DHR should be compelled to produce all discovery as requested by April 7, 2008 if not forthwith.

      8.    Each of the three (3) Counsel for Plaintiffs have had to make significant concessions in their schedules to accommodate Defendants failure and out right refusal to comply with the discovery time lines upon which all parties agreed.

The above matters considered together with the matters set forth in Plaintiffs' <u>Motion to Compel</u>, Plaintiffs pray this Court grant their Motion to Compel DHR Defendants to comply with all outstanding discovery requests on or before April 7, 2008 and further pray this Court set for hearing the matter of awarding Plaintiffs expenses pursuant to Rule 37(a)(4) including reasonable attorneys fees incurred in attempting to gain the discovery authorized by the Rules of Civil Procedure.

Respectfully submitted this day, March 21, 2008.

                                      /s/Timothy C. Halstrom
                                      Timothy C. Halstrom
                                      Attorney for Plaintiffs
                                      Bar Number HAL021

Of Counsel:
Timothy C. Halstrom
Bar # HAL021
Attorney At Law
4170 Lomac Street
Montgomery, Alabama 36106
(334)272-6464
(334)244-7474 - fax
halstromtim@aol.com  - email

## CERTIFICATE OF SERVICE

      I hereby certify that on March 21, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification tot he parties.:

          /s/Timothy C. Halstrom  
          Timothy C. Halstrom  
          Bar Number HAL021