IN THE UNITED STATES DISTRICT COURT OF
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ROGER N. SMITH, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | Civil Action |
| vs. } | Case No: 2:07-CV-00194-MEF |
| } | |
| **ALABAMA DEPARTMENT OF** } | |
| **HUMAN RESOURCES, et al.** } | |
| } | |
| **Defendants.** | |

**MOTION FOR LEAVE TO FILE IN EXCESS OF TWENTY-FIVE (25)
INTERROGATORIES BY DHR DEFENDANTS**

**COMES NOW** Defendants Alabama Department of Human Resources, Page Walley, Tarilton Benton, Carolyn Bryson, Benjamin Jones, Alicia Sexton, Angela Sampson, and Jennifer Story, (hereafter referred to as "DHR Defendants") and hereby moves this Court for an Order allowing DHR Defendants to file in excess of 25 Interrogatories in the above referenced case. As grounds therefore, Defendants states as follows:

1.    This Court has already granted leave to propound additional interrogatories to Plaintiffs and other Defendants in this case.

2.    Counsel for DHR Defendants has consulted with Plaintiffs Counsel and Counsel for the other Defendants in this case about this motion and Plaintiff Counsel has stated that Plaintiffs have no objection to this motion.

3.    This lawsuit relates to events surrounding the Plaintiffs' daughter's allegations that the Plaintiff sexually molested her.  Plaintiffs allege that one or

more of the Defendants coerced Plaintiff's children into making false statements that the Plaintiff sexually molested his children.

4. Plaintiffs' complaint contains eleven counts; at least eight counts relate to claims against DHR Defendants.

5. Each DHR Defendant desires to propound additional interrogatories and document requests to the Plaintiffs addressing each of the Plaintiffs' above-mentioned claims. Interrogatory requests from DHR Defendant Jones are attached hereto as Exhibit "A." Each DHR Defendant seeks to propound similar Interrogatories.

6. Rule 33(a), Fed. R. Civ. P., states that leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2).

7. Twenty-five Interrogatories are inadequate to secure the information needed to fully complete discovery and prepare for trial on a timely basis. Given the nature and gravity of the Plaintiff's claims, DHR Defendants need to specifically address each of the Plaintiffs' claims against each of the Defendants in written discovery.

8. The information requested will assist DHR Defendants to specifically identify those areas which are issues of contention and will allow future discovery, including but not limited to depositions, to be more economical and less time consuming for all parties.

9. DHR Defendants will suffer great prejudice if this Court does not allow Defendants to file the attached Interrogatories.

10. The attached Interrogatories are not burdensome and are all relevant to the issues raised in the Plaintiff's Complaint.

WHEREFORE PREMISES CONSIDERED, DHR Defendants request this Court to grant leave to propound the attached Interrogatories, and also permission to propound reasonable follow-up Interrogatories if deemed necessary at a later time subject to this Court's review.

RESPECTFULLY SUBMITTED this 4th day of April, 2008.

TROY KING
ATTORNEY GENERAL

SHARON E. FICQUETTE
CHIEF LEGAL COUNSEL


/s/ James E. Long
JAMES E. LONG (LON 016)
DEPUTY ATTORNEY GENERAL
ALABAMA DEPT. OF HUMAN RESOURCES
STATE LEGAL OFFICE
P.O. BOX 304000
MONTGOMERY, ALABAMA 36130-4000
TEL: (334) 242-9330

**ATTORNEYS FOR DHR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above **MOTION FOR LEAVE TO FILE IN EXCESS OF TWENTY-FIVE (25) INTERROGATORIES BY DHR DEFENDANTS** upon all attorneys of record and/or parties in this case, by placing copies of the same addressed to them in the U. S. Mail, first-class postage pre-paid, on this the 4th day of April, 2008.

Judy H. Barganier, Esq.  
7025 Halcyon Park Drive  
Montgomery, AL  36117  

James B. Brannan, Esq.  
P. O. Box 307  
Montgomery, AL  36101-0307  
Montgomery, AL  36101-0307  

Timothy C. Halstrom, Esq.  
4170 Lomac Street  
Montgomery, AL  36106  

William A. Scott, Jr., Esq.  
Jansen Voss, Esq.  
Scott, Sullivan, Streetman & Fox  
2450 Valleydale Road  
Birmingham, AL  35244  

/s/ James E. Long  
JAMES E. LONG (LON 016)  
DEPUTY ATTORNEY GENERAL  

STATE OF ALABAMA  
DEPARTMENT OF HUMAN RESOURCES  
LEGAL OFFICE  
50 RIPLEY STREET, ROOM 2122  
P.O. BOX 304000  
MONTGOMERY, ALABAMA  36130-4000  
PHONE: (334) 242-9330  
FAX: (334) 242-0689  

**ATTORNEY FOR DHR DEFENDANTS**

4

IN THE UNITED STATES FEDERAL DISTRICT COURT OF
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROGER N. SMITH, et al.,  }<br>}<br>Plaintiffs,  }<br>}<br>vs.  }<br>}<br>ALABAMA DEPARTMENT OF  }<br>HUMAN RESOURCES, et al.  }<br>}<br>Defendants.  } | Civil Action<br>Case No: 2:07-CV-00194-MEF |

**DEFENDANT JONES' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

**COMES NOW** the Defendant Ben Jones, by undersigned attorney-of-record, and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, propounds the following Interrogatories and Requests for Production of Records to the Plaintiffs, Roger N. and Sherry Smith with notice that they are to be answered, separately, in writing, under oath, within the time provided by law.

A.   **INTERROGATORIES**

1.   State your name, date of birth, social security number, and current physical address.

2.   List the names and addresses of all other persons who have knowledge of the facts of the incident made the basis of this lawsuit or of the injuries and damages following therefrom.

3.   In Paragraph 42 of the Complaint states that "Defendants Bryson, Story, Ben Jones, Alicia Sexton, Angela Sampson, and possibly others intentionally ignored the findings from their review the DHR CANS files created when Amber Smith was the



victim of sexual abuse perpetrated by her older brother, D'Arcy, which files contained statements that exonerated Plaintiff Roger Smith of Whitney's present allegations". Explain in detail the specific had findings from his individual review of said files known by Defendant Jones.

4. Paragraph 43 of the Complaint states that "Defendants Benton, Bryson, Story, Jones, Sexton, Sampson, Williamson conspired amongst themselves and with others to deprive Plaintiffs of their right to raise their children according to the dictates of their own conscience, to wit". Explain in detail the specific individual acts taken by Defendant Jones in this conspiracy.

5. Paragraph 44 of the Complaint states that "Defendants were conspiring to bring charges or allegations of misconduct against Plaintiff Sherry Smith". Explain in detail the specific individual acts taken by Defendant Ben Jones in this conspiracy.

6. Paragraph 50 of the Complaint states that "Defendant Sexton with the approval of other Defendants also intentionally and maliciously misrepresented to the Court that Plaintiff Roger Smith "admitted to touching his daughter sexually but stated that he mistook her for being her mother." Explain in detail the specific individual acts taken by Defendant Ben Jones in intentionally and maliciously misrepresenting to the Court the statement asserted.

7. Paragraph 51 of the Complaint states that "Defendants intentionally and maliciously failed to bring this information to the Court's attention". Explain in detail the specific knowledge held by Defendant Ben Jones all that Jones intentionally and maliciously failed to bring to the attention of the Court.

8. Paragraph 52 of the Complaint states that "Defendant Bryson, with the approval and consent of other Defendants employed by DHR intentionally and

2

maliciously failed to follow regulations promulgated by the DHR". Explain in detail the specific individual approval and consent given by Defendant Jones as alleged, the specific regulations referred.

9. Paragraph 53 of the Complaint states that "Defendants employed by the DHR intentionally and maliciously limited the children's contact with Plaintiffs and with others who supported Plaintiffs (including family and church members) and refused to allow other who supported Plaintiffs to discuss the facts of the case with the children; while at the same time said Defendants conspired among themselves and with others to create false memories resulting in the false allegations made against Plaintiff Roger Smith". Explain in detail each of the specific intentional and malicious acts individually taken by Defendant Jones.

10. Paragraph 57 of the Complaint states that "Defendants committed inaccurate, biased, prejudicial, and slanderous information about Plaintiffs to their children". Explain in detail each of the specific individual acts of communication that were taken by Defendant Jones.

11. Paragraph 57 of the Complaint states that "Defendants acted beyond their authority as they, individually and collectively, failed to discharge duties pursuant to the regulations promulgated by DHR as set forth in Alabama Department of Human Resources Social Services Division Administrative Code, Chapter 660-5-34":

    a) Explain in detail each of the specific individual acts taken by Defendant Jones; and

    b) Specifically state each and every duty and regulation that Defendant Jones individually failed to follow.

12. Paragraph 53 of the Complaint states that "Defendants performed their duties beyond their authority and in violation of Plaintiffs rights under the Constitution of the United States and the Constitution of the State of Alabama wherein they deprived Plaintiffs of their parental right to raise their children in their desired faith according to the dictates of their own conscience". Explain in detail each and every duty individually performed by Ben Jones which was beyond his authority and in violation of Plaintiffs rights.

13. Paragraph 59 of the Complaint states that "Defendants acted beyond their authority as they, individually and collectively, failed to discharge duties pursuant to the regulations promulgated by DHR as set forth in Alabama Department of Human Resources Social Services Division Administrative Code, Chapter 660-5-34 when they removed the children from their homes and for the placement of children in foster care without the requisite findings". Explain in detail each and every act individually performed by Defendant Jones which was beyond his authority in removing the children from the home and placing them in foster care.

14. Paragraph 61 of the Complaint states that "Throughout the investigation, Defendants obstructed the rights to Plaintiffs to discovery". Explain in detail each and every act of obstruction individually engaged in by Defendant Jones.

15. Paragraph 62 of the Complaint states that "Defendants acted beyond their authority as they, individually and collectively, failed to discharge duties pursuant to the regulations promulgated by DHR as set forth in Alabama Department of Human Resources Social Services Division Administrative Code, Chapter 660-5-34 when they submitted their records and reports to the District Attorney for the Fifteenth Judicial Circuit of Alabama for prosecution charging Plaintiff Roger Smith with four felony

counts of Sex Abuse in the First Degree". Explain in detail each and every act individually performed by Defendant Jones that was beyond his authority in submitting or reports to the District Attorney.

16. Paragraph 64 of the Complaint states that "Defendants Benton, Jones, Sexton, Sampson, Bryson, and Story, individually and collectively, acted beyond their authority as they individually and collectively negligently failed to discharge their duties as set forth herein pursuant to the regulations promulgated by DHR as set forth in Alabama Department of Human Resources Social Services Division Administrative Code, Chapter 660-5-34":

    a) Explain in detail each and every act individually performed by Defendant Jones that was beyond his authority; and

    b) Explain and quote in detail each and every duty in DHR specified in DHR regulating that Jones failed to individually performed and when and how occurred;

17. With regard to Plaintiffs Count One (Negligence False) Claim:

    a) Explain in detail each and every act individually performed by Defendant Jones referenced in Count Six paragraph 64; and

    b) Separately list all damages and expenses claimed in paragraph request Defendant Jones 65;

18. With regard to Plaintiffs Count Three (Intentional and Malicious Conduct) Claim:

    a) Explain in detail each and every act individually performed by Defendant Jones referenced in Count Six paragraph 68; and

  b) Separately list all damages and expenses claimed in paragraph request Defendant Jones 69;

 19. With regards to Plaintiff's Count Five (Intentional and Malicious Creation of False Memories) Claim:

  a) Explain in detail each and every act individually performed by Defendant Jones referenced in Count Eight paragraph 72; and

  b) Separately list all damages and expenses claimed in paragraph 73 against Defendant Jones;

 20. With regard to Plaintiffs Count Six (Conspiracy To Create False Memories) Claim:

  a) Explain in detail each and every act individually performed by Defendant Jones referenced in Count Six paragraph 74; and

  b) Separately list all damages and expenses claimed in paragraph request Defendant Jones 75;

 21. With regard to Plaintiffs Count Eight (Slander) Claim:

  a) Explain in detail each and every act individually performed by Defendant Jones referenced in Count Eight paragraph 78; and

  b) Separately list all damages and expenses claimed in paragraph 79 against Defendant Jones;

 22. With regard to Plaintiff Count Nine (Libel) Claim:

  a) Explain in detail each and every act individually performed by Defendant Jones referenced in Count Nine paragraph 80; and

  b) Separately list all damages and expenses claimed in paragraph 81 against Defendant Jones;

23.  With regard to Plaintiff Count Ten (Defendant of Character) Claim:

a)  Explain in detail each and every act individually performed by Defendant Jones referenced in Count Ten paragraph 82; and

b)  Separately list all damages and expenses claimed in paragraph 83 against Defendant Jones;

24.  With regard to Plaintiffs Count Eleven (Deprivation of Plaintiffs Right of Privacy in the Raising of Their Children etc) Claim:

a)  Explain in detail each and every act individually performed by Defendant Jones referenced in Count Eleven paragraph 84; and

b)  Separately list all damages and expenses claimed in paragraph 85 against Defendant Jones;

### B.  REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  Produce all information and documents which specifically address the allegation against Defendant Jones in paragraph 42 of the Complaint.

2.  Produce all information and documents which specifically address the allegation against Defendant Jones in paragraph 43 of the Complaint.

3.  Produce all information and documents which specifically address the allegation against Defendant Jones in paragraph 44 of the Complaint.

4.  Produce all information and documents which specifically address the allegation against Defendant Jones in paragraph 50 of the Complaint.

5.  Produce all information and documents which specifically address the allegation against Defendant Jones in paragraph 51 of the Complaint.

6.  Produce all information and documents which specifically address the allegation against Defendant Jones in paragraph 52 of the Complaint.

7. Produce all information and documents which specifically address the allegation against Defendant Jones in paragraph 53 of the Complaint.

8. Produce all information and documents which specifically address the allegation against Defendant Jones in paragraph 57 of the Complaint.

9. Produce all information and documents which specifically address the allegation against Defendant Jones in paragraph 59 of the Complaint.

10. Produce all information and documents which specifically address the allegation against Defendant Jones in paragraph 61 of the Complaint.

11. Produce all information and documents which specifically address the allegation against Defendant Jones in paragraph 62 of the Complaint.

12. Produce all information and documents which specifically address the allegations against Defendant Jones in paragraph 64 of the Complaint.

13. Produce all information and documents relative to damages and expenses claimed against Defendant Jones in paragraph 65 in the Complaint.

14. Produce all information and documents which specifically address the allegation against Defendant Jones in paragraph 68 of the Complaint.

15. Produce all information and documents relative to damages and expenses claimed against Defendant Jones in Count Three.

16. Produce all information and documents relative to damages and expenses claimed against Defendant Jones in Count Three.

17. Produce all information and documents relative in damages and expenses claimed against Defendant Jones in Count Five.

18. Produce all information and documents relative to damages and expenses claimed against Defendant Jones in Count Eight.

19. Produce all information and documents relative to damages and expenses claimed against Defendant Jones in Count Nine.

20. Produce all information and documents relative to damages and expenses claimed against Defendant Jones in Count Ten.

21. Produce all information and documents relative to damages and expenses claimed against Defendant Jones in Count Eleven.

RESPECTFULLY SUBMITTED this ____ day of April 2008.

TROY KING
ATTORNEY GENERAL

SHARON E. FICQUETTE
ASSISTANT ATTORNEY GENERAL

_____
James E. Long (LON 016)
Deputy Attorney General
Alabama Department of Human Resources
P. O. Box 304000
Montgomery, AL 36130-4000
Tele: (334) 242-9330
Fax: (334) 242-0689
E-mail: james.long@dhr.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above upon all attorneys of record and/or parties in this case, by placing copies of the same addressed to them in the U. S. Mail, first-class postage pre-paid, on this the ___ day of April, 2008.

Judy H. Barganier, Esq.
7025 Halcyon Park Drive
Montgomery, AL 36117

James B. Brannan, Esq.
P. O. Box 307
Montgomery, AL 36101-0307

Timothy C. Halstrom, Esq.
4170 Lomac Street
Montgomery, AL 36106

William A. Scott, Jr., Esq.
Jansen Voss, Esq.
Scott, Sullivan, Streetman & Fox
2450 Valleydale Road
Birmingham, AL 35244

_____
JAMES E. LONG (LON 016)
DEPUTY ATTORNEY GENERAL